FILED
United States Court of Appeals
Tenth Circuit

January 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BILLIE MARIE CROWNOVER,
personal representative of the estate of
Frank James Crownover,

        Plaintiff-Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF OTTAWA
COUNTY, OKLAHOMA; TERRY
DURBOROW, individually and in his
official capacity as Ottawa County
Sheriff; DENNIS KING, individually;
RANDALL LLOYD, individually,

        Defendants-Appellees.

No. 10-5028
(D.C. No. 4:08-CV-00020-JHP-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

While imprisoned as a pretrial detainee at the Ottawa County, Oklahoma Jail, Frank James Crownover died as the result of a brutal attack by a fellow inmate. Billie Marie Crownover, his widow and personal representative of his estate, thereafter brought this action pursuant to 42 U.S.C. § 1983 and Title II of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12132 (ADA), contending that Mr. Crownover's death resulted from the defendants' deliberate indifference to dangerous conditions at the Jail and from their failure to reasonably accommodate Mr. Crownover's known disabilities.

The district court granted summary judgment to all of the defendants. It concluded (1) the Ottawa County Board of County Commissioners did not violate Mr. Crownover's rights because it lacked the authority and the duty to take any corrective action concerning allegedly unconstitutional conditions at the Jail; (2) defendants Terry Durborow, Dennis King, and Randall Lloyd were entitled to summary judgment and/or qualified immunity on Ms. Crownover's claims that the Jail (a) failed to properly classify and separate mentally ill prisoners, (b) had inadequate staffing to properly supervise prisoners and was chronically overcrowded, and (c) failed to properly train and supervise its staff; and (3) defendants Durborow, King, and Randall were entitled to summary judgment on Ms. Crownover's ADA claims because she failed to show that they did not accommodate his disability or that he was excluded from or denied the benefit of

the Jail's services, programs, or activities, or was otherwise discriminated against by Jail staff because of his disability.

We review the district court's entry of summary judgment *de novo*, applying the same standard as the district court. *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1246 (10th Cir. 2010). Summary judgment is appropriate "if there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). On appeal,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotations omitted).

Ms. Crownover argues that the district court applied the deliberate indifference standard too narrowly; imposed an improper evidentiary requirement for establishing the causal link between defendants' failure to train Jail personnel and Mr. Crownover's death; ignored relevant evidence; and failed to afford her the benefit of reasonable inferences to be drawn from the evidence. She also argues that the district court misapplied the ADA by failing to appropriately consider the role of reasonable accommodation in the application of the Act to disabled inmates.

Having considered these arguments and having carefully reviewed the briefs, the record, and the applicable law in light of the above standards, we AFFIRM the district court's entry of summary judgment in favor of the defendants. We do so for substantially the reasons stated in the district court's Opinion and Order, dated February 8, 2010.

Entered for the Court


Deanell R. Tacha
Circuit Judge